## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEX HILLARD** | : | |
| | : | **CIVIL ACTION –LAW** |
| **PLAINTIFF,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **v.** | : | |
| | : | |
| **FRANK MARTZ COACH COMPANY** | : | **NO:** |
| | : | |
| | : | |
| **DEFENDANT.** | : | |
| | : | |

## COMPLAINT

AND NOW COMES the Plaintiff, Alex Hillard ("Plaintiff" or "Mr. Hillard"), by and through his counsel, Fellerman & Ciarimboli Law, P.C., and hereby complains against Defendant, Frank Martz Coach company ("Defendant"), and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Alex Hillard ("Mr. Hillard") is an adult individual who resides at 79 Rood Ave., Harveys Lake, PA 18618.

2. The Defendant, Frank Martz Coach Company ("Defendant"), is a Delaware corporation that is registered in the state of Pennsylvania with a registered

business office located at 239 Old River Road, Wilkes-Barre, Pennsylvania 18702.

3. Defendant's U.S. D.O.T. number is listed as 38186.

4. Defendant's MC number is listed as 3600.

5. George Santiago ("Mr. Santiago"), upon information and belief, is an adult individual who resides at 242 Poplar St., Wilkes-Barre, PA 18702.

6. The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are a number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional tractor trailer drivers.

7. At all times relevant hereto, Defendant, was or should have been authorized interstate motor carriers authorized to transport goods in interstate commerce and in the Commonwealth of Pennsylvania pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or both.

8. Accordingly, Defendant was subject to all state and federal laws, statutes regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations ("FMCSR") subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

9. Each company, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that Defendants have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

10. More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carriers Safety Administration that, at a minimum, Defendants:

a. had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b. can produce a copy of the FMCSRs;

c. had and will have in place a driver safety training/orientation program;

    d. had and will have prepared and maintain an accident register;

    e. is familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

    f. had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

    g. is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

    h. must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

11. Representatives of Defendant swore under the penalty of perjury to comply with the above "Safety Certifications."

12. At all times relevant hereto, Mr. Santiago was a class A licensed motor vehicle operator driving a Passenger Bus (herein collectively referred to as "Bus"). Accordingly, Mr. Santiago was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and

operation of commercial motor vehicles and tandem trailers including, without limitation, The Pennsylvania Motor Vehicle Code and the FMCSRs set forth in 49 C.F.R. parts 350-398.

13.  At all times relevant hereto, and upon information and belief, the Bus was owned by Defendant and was being operated by Mr. Santiago at the direction and under the control of Defendant.

14.  At all times relevant hereto, Mr. Santiago was employed and/or contracted to perform services for Defendant under Defendant operating authority and was subject to Defendants control or right to control, such that Defendant should be considered his actual and statutory employer and therefore vicariously liable for Mr. Santiago's negligence.

15.  At all times relevant hereto, Mr. Santiago was employed and/or contracted to perform services for and was operating a commercial motor vehicle for Defendant in its affairs and was subject to Defendant's control or right of control such that Defendant should be considered his employer and therefore vicariously liable or Mr. Santiago's negligence.

16. At all relevant times hereto, Defendant acted as a motor carrier at the time of the crash.

17. Defendant acted in a manner that occurring directly and proximately caused the incident and the resulting injuries suffered to the Plaintiff.

18.  At all relevant times hereto, Mr. Santiago was the agent, servant, workman, and/or employee of Defendant.

19. At all relevant times hereto, Defendant was liable for the actions and/or inactions of Mr. Santiago.

20.  At all relevant times hereto, Defendant was liable for the actions and/or inactions of Mr. Santiago as though the actions and/or inactions were performed by the entity itself.

21.  At all relevant times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to 67 Pa. Code §23, et. seq.

## JURISDICTION AND VENUE

22. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

23. This Honorable Court is the appropriate venue under 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

24.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

25.  On or about August 24, 2019, at approximately 10:17 p.m., Plaintiff was the operator of a motorcycle.

26. Mr. Hillard was stopped at Dallas Car Wash on Dallas Memorial Highway before entering the highway traveling North in the right-hand lane.

27. On or about the aforesaid date at the aforesaid time, Mr. Santiago was the operating the Bus traveling North in the right hand lane of Dallas Memorial Highway.

28.  On or about the aforesaid date, at the aforesaid time and location, Mr. Santiago entered the left turn only lane with the Bus and proceeded to take a right turn, across traffic onto Center Hill Rd.

29. As he turned right, Plaintiff had nowhere to go and his motorcycle side-swiped the Bus.

30. Plaintiff was thrown from his motorcycle and landed on the road next to the guard rail.

31. As a result of Incident, Plaintiff suffered serious and permanent injuries. As a direct and proximate result of the negligence, carelessness and/or recklessness of the Defendants, Plaintiff sustained serious and permanent physical injuries, including, but not limited to:

    a.  Right frontal skull fracture;

    b.  Traumatic pneumocephalus;

    c.  Right superior orbital fracture;

    d.  Right maxilla fracture;

e. Concussion with loss of consciousness;

f. Right scalp laceration;

g. Traumatic cephalohematoma;

h. Frontal sinus fracture;

i. Closed fracture of the maxillary sinus;

j. Closed fracture of the parietal bone;

k. Lactic acidosis;

l. Closed fracture of nasal bone; and

m. Any and all injuries arising from or a consequence of

the foregoing.

32. As a result of the aforesaid injuries, the Plaintiff sustained physical pain and

suffering, all of which have required or will require medical care and treatment.

33. The Plaintiff continues to require treatment for the aforesaid injuries.

34. All of the treatment for the Plaintiff's injuries have been deemed reasonable

and necessary.

35. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the

everyday pleasures and enjoyments of life, and may continue to suffer the same

for an indefinite period of time into the future.

36. As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

37. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

38. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of their earning capacity / potential.

39. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to their injuries or damages.

40. At all relevant times hereto, the Defendant was vicariously responsible for the acts and omissions of its employee driver.

**COUNT I**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**PLAINITFF v. FRANK MARTZ COACH COMPANY**

41.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

42.  Defendant had an obligation/duty to supervise drivers who operate their vehicles in a safe manner.

43.  Plaintiff was injured as a result of an incident related to Mr. Santiago's driving, more specifically, Mr. Santiago's unsafe driving.

44. The negligence, carelessness, and/or recklessness of Defendant, individually and through individuals driving its commercial motor vehicles including Mr. Santiago, consisted of the following:

    a.      Failing to properly train, monitor and/or supervise its drivers including Mr. Santiago;

    b.      Failing to train and/or properly train Mr. Santiago prior to allowing him to operate its Bus;

    c.      Failing to supervise Mr. Santiago despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

    d.      Failing to supervise Mr. Santiago despite the fact that he had a propensity for driving violations;

    e.      Failing to supervise Mr. Santiago despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

    f.      Failing to perform alcohol and/or drug tests after the crash;

    g.      Failing to do preventable analysis as recommended by the FMCSR;

    h.      Failing to have an appropriate disciplinary policy within the company;

    i.      Failing to supervise Mr. Santiago despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

    j.      Permitting Mr. Santiago to operate its Bus when it knew or should have known that he was not properly qualified and/or trained;

    k.      Failing to train and/or properly train Mr. Santiago prior to allowing him to operate its Bus;

l.      Allowing Mr. Santiago to operate the Bus in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.      Failing to adopt appropriate employee manuals and/or training procedures;

n.      Failing to enforce both written and unwritten policies of Defendant;

o.      Failing to ensure that its drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendant;

p.      Failing to implement and/or enforce an effective safety system, as required by OP-1 agreement Defendant executed with the DOT;

q.      Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

r.      Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

s.      Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t.      Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

u.      Failing to monitor and/or regulate its drivers' actions

v.      Failing to do annual reviews as required by the FMCSR;

w.      Failing to monitor and/or regulate its drivers' hours;

x.      Failed to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to use it appropriately;

y.      Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z.      Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

aa.      Placing more emphasis on profits than on safety of its drivers and the motor public;

bb.      Failing to maintain an accident register in accordance with the FMCSR;

cc.      Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

dd.      Failing to act upon and remedy violations of FMCSA regulation 395;

ee.      Failing to act upon and remedy violations of FMCS regulation 383;

ff.      Failing to act upon and remedy known violations of industry standards;

gg.      Acting in conscious disregard for the rights and safety of the Plaintiff;

hh.      Failing to have appropriate policies and procedures with regard to the hiring of its drivers;

ii.      Failing to follow the written and/or unwritten policies and procedures with regard to the supervising of its drivers;

jj.      Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

kk.      Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers; and

ll.      Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles.

45. As a result of the above-stated acts and omissions, Plaintiffs have suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Alex Hillard, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and the United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

**COUNT II**
**NEGLIGENT/RECKLESSNESS**
**PLAINTIFF v. FRANK MARTZ COACH COMPANY. as being vicariously liable for George Santiago**

46. The preceding paragraphs are incorporated herein by reference as if fully set forth herein at length.

47. The negligence, carelessness and/or recklessness of Defendant, as being vicariously liable for Mr. Santiago, consisted of, but is not limited to, the following:

   a. Failing to maintain proper and adequate control of the Bus so as to avoid crashing into Plaintiff;

   b. Driving carelessly;

   c. Failing to pay proper attention while operating his Bus;

   d. Failing to take proper precautions in the operation of his Bus so as to avoid the collision that occurred with the Plaintiff;

   e. Marking a right hand turn, across traffic, in a left turn only lane;

f.  Operating his Bus in a negligent, careless and reckless manner

without due regard for the rights and safety of Plaintiff;

g.  Failing to exercise due care and caution under all of the existing

circumstances;

h.  Failing to have his Bus under such control that it could be readily

stopped, turned aside or the speed thereof slackened upon the

appearance of danger;

i.  Failing to remain alert;

j.  Violating the applicable rules, regulations and laws pertaining to the

safe and proper operation of motor vehicles and/or Busses;

k.  Failing to operate his Bus in accordance with the Federal Motor

Carrier Safety Regulations;

l.  Failing to properly control his Bus in light of the circumstances then

and there existing;

m. Failing to make necessary and reasonable observations while

operating his Bus;

n.  Failing to take evasive action and/or failing to take appropriate and

timely evasive action in order to avoid striking the vehicle operated by

the Plaintiff;

o.  Violating FMCSA Regulation 383 dealing with required knowledge and skills;

p.  Consciously choosing to strike Plaintiff;

q.  Consciously choosing to the rules of the road and the Federal Motor Carrier Safety Regulations;

r.  Failing to perform proper pre-trip inspection;

s.  Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant;

t.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

u.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

v.  Violating FMCSA Regulation 395 dealing with hours of service;

w.  Failing to adhere to the amount of driving hours limit;

x.  Striking Plaintiff due to being on the road for more than the regulated amount of hours;

y.  Consciously choosing to drive over the regulated amount of hours;

z. Consciously choosing not to pull his Bus over when the regulated amount of hours on the road was met;

aa.  Acting with a conscious disregard for the rights and safety of Plaintiff; and

bb.  Failing to act upon and remedy violations of FMCSA regulation 383.

48. Solely as a result of Mr. Santiago's negligence, carelessness and/or recklessness, the Plaintiff suffered the above mentioned harm.

WHEREFORE, Plaintiff, Alex Hillard, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and the United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

## COUNT III
## NEGLIGENT ENTRUSTMENT
## PLAINTIFF v. FRANK MARTZ COACH COMPANY

49. The preceding paragraphs are incorporated herein by reference as though fully set forth.

50.  Defendant had a duty to use due care in choosing a careful and competent driver.

51.  Defendant entrusted the tractor Trailer to Mr. Santiago despite the fact that Mr. Santiago failed to possess the knowledge, skill, experience, available equipment and personal characteristics to operate a tractor trailer.

52. Defendant knew or should have known that Mr. Santiago failed to possess the    knowledge,    skill,    experience,    available    equipment    and    personal

characteristics to transport freight and/or goods without creating an unreasonable

risk to operate a Bus without creating an unreasonable risk of injury to others.

53.  Because Defendant entrusted the Bus to an incompetent driver, Defendant is

liable for any negligent and/or reckless conduct of Mr. Santiago

54.  Defendant was negligent entrusting the Bus to Mr. Santiago, when it knew

or should have known with the exercise of reasonable due care that Mr. Santiago

lacked the necessary skill, judgment, and/or prudence with which to operate the

vehicle.

55.  Defendant was negligent and/or reckless in entrusting the Bus to Mr.

Santiago, when it knew or should have known with the exercise of reasonable

care that Mr. Santiago had a propensity to cause motor vehicle collisions.

56. Defendant was negligent in entrusting the Bus to Mr. Santiago, when it

knew or should have known with the exercise of reasonable care that Mr.

Santiago had a propensity to violate the motor vehicle code.

57. At all relevant times, Defendant had a duty to ensure that it had appropriate

hiring practices that put competent drivers behind the wheel.

58. At all relevant times, Defendant had a duty to ensure that it had appropriate

policies in place to ensure that its drivers did not violate FMCSA regulation 395

"hours of service" and/or regulation 383 "required knowledge and skill."

59. Defendant knew or in the exercise of reasonable care should have known that entrusting the Tractor Trailer to Mr. Santiago would likely cause harm to the motoring public such as the harm that was caused on August 24, 2019 to Plaintiff.

60. Defendant had a duty to entrust the Bus to an attentive and skilled driver.

61. Defendant failed to ensure that it hired and retained attentive skilled drivers.

62. Defendant had an obligation / duty to entrust the Bus to drivers who operate their vehicles in a safe manner.

63. Plaintiff was injured as a result of the Mr. Santiago's unsafe driving.

64. By entrusting the Bus to Mr. Santiago, Defendant acted in conscious disregard to the rights and safety of Plaintiff.

65. As a result of the above-stated acts and omissions, Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Alex Hillard, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and the United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

By: _____

COREY S. SUDA, ESQUIRE
183 Market Street, Suite 200
Kingston, PA  18704

Date: March 26, 2021